UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and
CORY CARDINAL, Individually
and on behalf of others similarly situated,

    Plaintiffs,                                    Case No.

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, TIMOTHY COMPOLI and CORY CARDINAL, hereinafter referred to as "PLAINTIFFS" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through their undersigned counsel and sue the Defendants, DIGITAL CONCRETE IMAGING, INC., (hereinafter known as "DIGITAL"), and BRYAN W. BACHELLER, individually, (hereinafter referred to as "BACHELLER"), collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

3. At all times material herein, Plaintiff, TIMOTHY COMPOLI, was and is a resident of Pasco County, Florida.

4. At all times material herein, Plaintiff, CORY CARDINAL, was and is a resident of Pinellas County, Florida.

5. At all times material herein, Defendant DIGITAL was and is a Florida for profit corporation, authorized and doing business in this judicial district.

6. At all times material herein, Defendant BACHELLER is the President of Digital Concrete Imaging, Inc. As President he had significant ownership interest in Defendant DIGITAL, exercised day to day control of operations and was involved in the supervision and payment of employees.

7. At all times material herein, Plaintiffs are employees of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants are Plaintiffs employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

8. The Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

9. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10. Plaintiffs have retained the undersigned counsel to represent their interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTS

11. Plaintiffs began their employment with Defendants in April 2017 as Utility

Locators.

12. As Utility Locators, Plaintiffs would respond to utility locater tickets for Defendants as a contractor for Pasco County, Florida.

13. Plaintiffs were paid on an hourly rate basis.

14. Plaintiffs regularly and routinely worked over forty (40) hours in a work week.

15. Plaintiffs were not paid time and a one-half their regular hourly rate for each and every hour that they worked in excess of forty (40) hours in a work week for all weeks that they worked.

16. On April 3, 2020, Plaintiffs were terminated from their employment.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
## AS TO DEFENDANTS, DIGITAL CONCRETE IMAGING, INC.
## AND BRYAN W. BACHELLER, Individually

17. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

18. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

19. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

20. Alternatively, Plaintiffs are covered as individuals under the FLSA because Plaintiffs engaged in interstate commerce as part of their job with Defendants, 29 U.S.C. §207(a)(1).

21. Throughout their employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week, for which they were not compensated at the overtime rate.

22. Plaintiffs estimate that they worked an average of eight to twelve overtime hours per week. Defendants failed to comply with their statutory obligation to keep accurate time records.

23. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

24. Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked for Defendants.

25. Defendants' failure to pay Plaintiffs overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

26. Defendants knew or had reason to know that Plaintiffs performed work in excess of forty (40) hours per work week.

27. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiffs. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

28. As a direct result of Defendants' violations of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and have incurred reasonable attorneys' fees and costs.

29. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled liquidated damages.

30. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants including, but not limited to:

a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## **COUNT II**

31. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

32. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

33. Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per

work week.

34. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

35. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

36. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

### COUNT III
### FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES AS TO DIGITAL CONCRETE IMAGING, INC.

37. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

38. Plaintiffs earned wages and bonuses over the course of their employment which are owed and payable by the Defendant, DIGITAL, employer pursuant to Florida Statute Chapter 448.08.

39. Defendant's, DIGITAL, despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiffs respectfully request all legal and equitable relief allowed by law including judgment against Defendant, DIGITAL, for back pay, unpaid wages, bonuses, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION AS TO DEFENDANTS, DIGITAL CONCRETE IMAGING, INC. AND BRYAN W. BACHELLER, Individually

40. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

41. Plaintiffs were terminated from their employment with Defendants as a direct result of, and in retaliation for, filing an FSLA lawsuit against Defendants.

42. The above described actions of Defendants constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

43. As a result of the retaliatory actions of Defendants, Plaintiffs have suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

44. As a result of Defendants' unlawful acts against Plaintiffs, they have and will continue to incur damages as well as attorneys' fees and costs.

**WHEREFORE,** Plaintiffs demands judgment against the Defendants for all damages and relief under Florida Statute 448.110, *et seq.*, including wages, liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

Dated this 13th day of April 2020.

                                        FLORIN GRAY BOUZAS OWENS, LLC

                                        /s/Wolfgang M. Florin
                                        Wolfgang M. Florin
                                        Florida Bar No. 907804
                                        wolfgang@fgbolaw.com
                                        Christopher D. Gray
                                        Florida Bar No.: 0902004
                                        chris@fgbolaw.com
                                        16524 Pointe Village Drive, Suite 100
                                        Lutz, FL 33558
                                        Telephone (727) 254-5255
                                         Facsimile (727) 483-7942
                                        Attorneys for Plaintiff