UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Timothy Compoli and Cory Cardinal,

                Plaintiffs,

    and.                                 Case No. 8:20-CV-844

Digital Concrete Imaging, Inc. and Bryan
W. Bacheller,

                Defendants.

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

    Digital Concrete Imaging, Inc. and Bryan Bacheller ("the Defendants") submit this Motion to Dismiss Timothy Compoli's and Cory Cardinal's ("the Plaintiffs") Amended Complaint and Demand for Jury Trial.

**Memorandum**

    1.    **Procedural Background.** On or around July 31, 2019, Plaintiffs' filed a Complaint and Demand for Jury Trial ("the initial complaint") against defendants in the United States District Court, Middle District of Florida, Tampa Division, Case No. 8:19-cv-1876-T-23CPT, alleging violations of the Fair Labor Standards Act ("FLSA") and violation of Florida's labor laws under Chapter 448, Florida Statutes (2019). A copy of Plaintiffs' initial complaint is attached as Exhibit "A".

    On or around January 13, 2020, Defendants and Plaintiffs entered into a Settlement Agreement and Release of FLSA Claims ("the settlement agreement"). A copy of the

settlement agreement is attached as Exhibit "B". On January 15, 2020, the parties filed a Joint Motion for Approval of Settlement and Incorporated Memorandum of Law ("the joint motion") signed by counsel for both Plaintiffs and Defendants. A copy of the joint motion is attached as Exhibit "C". The joint motion requested the Court approve the settlement and dismiss the action, as well as any and all other pending claims between the parties, with prejudice. On January 17, 2020 the Court issued an Order approving the joint motion and the settlement agreement and dismissing the action, with prejudice. A copy of the Order is attached as Exhibit "D".

On April 13, 2020, Plaintiffs filed a second Complaint and Demand for Jury Trial ("the second complaint") in the above-styled action. Plaintiffs' second complaint realleges the initial complaint verbatim, with the inclusion of a new paragraph and a new count for a further violation of the FLSA. On May 5, 2020, Defendants filed a Motion to Dismiss the second complaint based on res judicata and/or claim preclusion. On May 07, 2020 the Plaintiffs then filed their third complaint, via the Amended Complaint and Demand for Jury Trial ("the amended complaint"). Defendant's amended complaint (really their third complaint) contains the same Counts I-IV as the second complaint and an additional Count V for breach of the settlement agreement.

2.      **Basis for this Motion.** The Court's January 17, 2020 order dismissing the initial complaint per the settlement agreement, with prejudice, precludes Plaintiffs from bringing Counts I-IV contained within the amended complaint under the doctrine of res judicata. As to amended complaint Count V for breach of the settlement agreement, the court does not have jurisdiction to hear that claim.

### I.      *Res Judicata Bars Counts I-IV*

The doctrine of res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding if : (i) there is a final judgment on the merits; (ii) the decision was rendered by a court of competent jurisdiction; (iii) the parties, or those in privity with them, are identical in both suits; and (iv) the same cause of action is involved in both cases. *See Citibank, N.A. v. Data Lease Financial Corp*, 904 F.2d 1498, 1501 (11th Cir. 1990) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)). All four elements exist in the case at bar, i.e. the amended complaint:

(i)      January 17, 2020 Order Constitutes Final Judgment on Merits. A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. *See Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) (citing *Wainright Securities Inc. v. Wall St. Transcript*, 80 F.R.D. 103, 105 (S.D.N.Y. 1978); *Citibank*, 904 F.2d at 1501. The phrase "with prejudice" and "on the merits" are synonymous terms, both of which invoke the doctrine of claim preclusion. *Id.* Therefore, the January 17, 2020 Order constitutes a final judgment on the merits in regard to the initial complaint and as to all FLSA and wage claims of any nature, including claims of retaliation and attorney's fees, per paragraph 2 of the settlement agreement.

(ii)      January 17, 2020 Order Rendered by Court of Competent Jurisdiction. There is no dispute that the district court's Order was entered by a court of competent jurisdiction. The U.S. Middle District of Florida had subject matter jurisdiction over the initial complaint by virtue of federal question jurisdiction. As both the Plaintiffs and Defendants were citizens of Florida the Court had personal jurisdiction over all parties.

(iii)     <u>Identical Parties in Both Suits.</u> There is no question that the parties in both the initial complaint and the subsequent complaint are identical. Both the initial complaint and the subsequent complaint involve the same parties: Timothy Compli and Cory Cardinal as the Plaintiffs; and Digital Concrete Imaging, Inc. and Bryan W. Bacheller, as the Defendants.

(iv)     <u>Same Cause of Action in Both Cases.</u> If a case arises out of the "same nucleus of operative fact" or is based upon the same factual predicate as the prior action, the two cases are the same cause of action for purposes of res judicata. *S.E.L. Maduro v. M/V Antonio De Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987); *see also Citibank*, 904 F.2d at 1503. In determining whether causes of action are the same, a court must compare the substance of the actions, not their form. *I.A. Durbin*, 793 F.2d at 1549. The nucleus of operative fact in every case stem from an alleged failure by Defendants to pay for owed wages. This is evidenced by the similarity of the general allegations in the complaints. Plaintiffs include a new claim for retaliation pursuant to 29 U.S.C. § 201 of the FLSA and in their second complaint and in the amended complaint in an attempt to create new operative facts; however, the substance of the action alleging violations of FLSA and state wage laws remain the same.

Based on the above and res judicata, all claims arising out of Defendant's alleged violations of the FLSA and any and all wages claims, of any nature whatsoever Plaintiffs have arising out of or related to the payment of wages during their employment with Defendants, including Counts I-IV in the amended complaint, are barred from being relitigated.

## II.     *Lack of Jurisdiction Bars Count V for Breach of Contract*

The court does not have original jurisdiction or supplemental jurisdiction regarding Plaintiffs' amended complaint Count V for breach of contract.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995); *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). There is a presumption that a cause lies outside this limited jurisdiction and a party attempting to invoke the jurisdiction of the federal courts bears the burden of establishing such jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Breach of contract claims are state claims if there is no diversity of citizenship and the claims do not exceed $75,000.00.

First, Plaintiff's amended complaint incorrectly states that jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b). Pursuant to 28 U.S.C. § 1331, *"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."* The breach of contract claim contained in Count V of Plaintiffs' amended complaint does not arise under the Constitution, laws, or treaties of the United States and therefore this court does not have jurisdiction to hear such claim. Second, jurisdiction is also improper pursuant to 28 U.S.C. §1441(b) as Plaintiffs rely on removal based on diversity of citizenship; yet, all of the parties in the present action are residents of the State of Florida, as alleged in paragraphs 3-6 of the amended complaint.

And third, although Plaintiffs do not invoke supplemental jurisdiction under 28 U.S.C. § 1367 in their amended complaint as grounds for jurisdiction, supplemental jurisdiction is not warranted pursuant to 28 U.S.C. § 1367 (c)(3) as the district court has dismissed all claims over which it has original jurisdiction, i.e., the FLSA claims. As stated above, there has previously been an adjudication on the merits, per the approved settlement agreement and corresponding order of dismissal, as to all possible claims arising out of Defendant's alleged

violations of FLSA and any and all wages claims whatsoever Plaintiffs have arising out of or related to payment of wages during their employment with Defendants. Therefore, the dismissed with prejudice federal claims under FLSA cannot form a basis for supplemental jurisdiction.

Based on the forgoing, Count V for breach of contract contained in Plaintiffs' amended complaint must also be dismissed as the court lacks subject matter jurisdiction.

3.    **Requested Relief.** Based on the foregoing, the Defendants request the Court issue an order:

(i)  Dismissing Plaintiffs amended complaint; and

(ii) Ordering such other relief, the Court deems appropriate.

Peter J. Mackey
Florida Bar No. 0629138
pmackey@mackeylaw.com
Conrado Gomez
Florida Bar No. 1010973
cgomez@mackeylaw.com
**MACKEY LAW GROUP, P.A.**
1402 Third Avenue West
Bradenton, Florida  34205
(941) 746-6225
(941) 748-6584 (FAX)
Attorneys for Defendants

<u>**Certificate of Service**</u>

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Motion to Dismiss Amended Complaint has been furnished by electronic mail to Wolfgang M. Florin, Florin Gray Bouzas Owens, LLC., 16524 Pointe Village Drive, Suite 100, Lutz, FL 33558 at wolfgang@fgbolaw.com  on May  21 , 2020.

Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and
COREY CARDINAL, Individually
and on behalf of others similarly situated,

     Plaintiffs,                   Case No.

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

     Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, TIMOTHY COMPOLI and COREY CARDINAL, hereinafter

referred to as "PLAINTIFFS" pursuant to the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201, *et seq.* ("FLSA"), by and through their undersigned counsel and sue the Defendants,

DIGITAL CONCRETE IMAGING, INC., (hereinafter known as "DIGITAL"), and BRYAN W.

BACHELLER, individually, (hereinafter referred to as "BACHELLER"), collectively known as

"DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.     Venue lies within the United States District Court for the Middle District of Florida,

Tampa Division because a substantial part of the events giving rise to this claim occurred in this

Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.     At all times material herein, Plaintiff, TIMOTHY COMPOLI, was and is a resident

1



of Pasco County, Florida.

4.     At all times material herein, Plaintiff, COREY CARDINAL, was and is a resident of Pinellas County, Florida.

5.     At all times material herein, Defendant DIGITAL was and is a Florida for profit corporation, authorized and doing business in this judicial district.

6.     At all times material herein, Defendant BACHELLER is the President of Digital Concrete Imaging, Inc. As President he had significant ownership interest in Defendant DIGITAL, exercised day to day control of operations and was involved in the supervision and payment of employees.

7.     At all times material herein, Plaintiffs are employees of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants are Plaintiffs employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

8.     The Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

9.     At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10.    Plaintiffs have retained the undersigned counsel to represent their interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTS

11.    Plaintiffs began their employment with Defendants in April 2017 as Utility Locators.

12.    As Utility Locators, Plaintiffs would respond to utility locater tickets for

2

Defendants as a contractor for Pasco County, Florida.

13.   Plaintiffs were paid on an hourly rate basis.

14.   Plaintiffs regularly and routinely worked over forty (40) hours in a work week.

15.   Plaintiffs were not paid time and a one-half their regular hourly rate for each and every hour that they worked in excess of forty (40) hours in a work week for all weeks that they worked.

**COUNT I**
**FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**
**AS TO DEFENDANTS, DIGITAL CONCRETE IMAGING, INC.**
**AND BRYAN W. BACHELLER, Individually**

16.   Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

17.   Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18.   Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

19.   Alternatively, Plaintiffs are covered as individuals under the FLSA because Plaintiffs engaged in interstate commerce as part of their job with Defendants, 29 U.S.C. §207(a)(1).

20.   Throughout their employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week, for which they were not compensated at the overtime rate.

21.   Plaintiffs estimate that they worked an average of eight to twelve overtime hours

3

per week. Defendants failed to comply with their statutory obligation to keep accurate time records.

22.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

23.     Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked for Defendants.

24.     Defendants' failure to pay Plaintiffs overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

25.     Defendants knew or had reason to know that Plaintiffs performed work in excess of forty (40) hours per work week.

26.     Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiffs. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

27.     As a direct result of Defendants' violations of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and have incurred reasonable attorneys' fees and costs.

28.     As a result of Defendants' violations of the FLSA, Plaintiffs are entitled liquidated damages.

29.     Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor

4

against Defendants including, but not limited to:

  a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

  b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

  c. Awarding prejudgment interest;

  d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Determining that the FLSA was violated and an adjudication on the merits of the case;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT II

  30. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

  31. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

  32. Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

  33. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for Defendants in excess of the

5

maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

34.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

35.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiffs individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

### COUNT III
### FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES AS TO DIGITAL CONCRETE IMAGING, INC.

36.     Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

37.     Plaintiffs earned wages and bonuses over the course of their employment which are owed and payable by the Defendant, DIGITAL, employer pursuant to Florida Statute Chapter 448.08.

38.     Defendant's, DIGITAL, despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiffs respectfully request all legal and equitable relief allowed by law

including judgment against Defendant, DIGITAL, for back pay, unpaid wages, bonuses, liquidated

damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the

prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 31st day of July 2019.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and COREY CARDINAL,
Individually and on behalf of others similarly
situated,

      Plaintiffs,                    CASE NO.: 8:19-cv-01876-SDM-CPT

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

      Defendants.

_____/

### SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between TIMOTHY COMPOLI and COREY CARDINAL ("Plaintiffs") and DIGITAL CONCRETE IMAGING, INC. and BRYAN W. BACHELLER ("Defendants"), collectively (the "Parties").

WHEREAS, Plaintiffs are employees of the Defendants;

WHEREAS, Plaintiffs filed a civil action against Defendants in the United States District Court, Middle District of Florida, Tampa Division, seeking redress for alleged violations under the provisions of section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Case Number 8:19-cv-01876-SDM-CPT; and

WHEREAS, Defendants deny all allegations in the Lawsuit and any liability and/or any other wrongdoing in respect to Plaintiffs;



WHEREAS, Plaintiffs and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is resolved as follows:

1. <u>RECITALS:</u> The foregoing recitals are true and correct and are incorporated below as if fully set forth therein.

2. <u>RELEASE OF FLSA AND WAGE CLAIMS:</u>

    a. This agreement shall constitute a release of all claims Plaintiffs might have under the FLSA against Defendants.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. In exchange for the consideration set forth in Paragraph 3 below, Plaintiffs, for themselves and their attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants, Digital Concrete Imaging, Inc. and Bryan W. Bacheller, their heirs, executors, administrators, legal representatives, parent corporations, sibling corporations, predecessor companies, insurers, attorneys, past, present and future divisions, subsidiaries, affiliates and related companies and their successors and assigns, and all past, present and future directors, officers, employees and agents of these entities, personally and as directors, officers, employees, and agents (the "Released

Parties"), from any and all wage claims of any nature whatsoever Plaintiffs have

arising out of or related to the payment of wages during their employment with

Defendants, known or unknown, including, but not limited to, any claims Plaintiffs

may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum

wage statute, and any and all other applicable state, federal, county, or local

ordinances, statutes or regulations, including claims of retaliation and claims for

attorneys' fees which relate to the payment of wages. Plaintiffs also represent and

certify that they have received full payment for all hours worked while employed

by Defendants, including minimum wage, overtime hours, bonuses, and vacation

pay and that no further payment for hours worked is due by Defendants, their

parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and

their past, present, and future directors, officers, shareholders, members,

employees, agents, insurers and attorneys, both individually and in their capacities

as directors, officers, shareholders, members, employees, agents, insurers, and

attorneys.

3.  <u>SETTLEMENT SUMMARY:</u> In exchange for and in consideration of the Releases and

promises of Plaintiffs in this Agreement, Defendants agree to pay a total sum of SIXTY

THOUSAND AND 00/100ths ($60,000.00). The payments will be tendered as follows:

1.  Payments to TIMOTHY COMPOLI in the gross amount of $10,000, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

2.  Payments to TIMOTHY COMPOLI in the gross and net amount of $10,000, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

Compoli et al. v. Digital Imaging Inc. et al. FLSA Settlement Agreement

3. Payments to FLORIN GRAY BOUZAS OWENS, LLC in the amount of $17,550.00 representing attorneys' fees and costs on behalf of TIMOTHY COMPOLI for which separate IRS Forms 1099 shall issue to FLORIN GRAY BOUZAS OWENS, LLC.FLORIN GRAY BOUZAS OWENS, LLC must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

4. Payments to CORY CARDINAL in the gross amount of $6,500, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement; and

5. Payments to CORY CARDINAL in the gross and net amount of $6,500, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement; and

6. Payments to FLORIN GRAY BOUZAS OWENS, LLC in the amount of $9,450.00 representing attorneys' fees and costs for which separate IRS Forms 1099 shall issue to FLORIN GRAY BUZAS OWENS, LLC. FLORIN GRAY BOUZAS OWENS, LLC must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

***Plaintiffs are specifically aware of and agrees with, the number of attorneys' fees and costs to be paid to Plaintiffs' counsel for representing their interests in this matter.***

a. The settlement sum will be delivered to Plaintiffs' counsel as follows: (summarized in table below)

| | 31-Jan-20 | 31-Mar-20 | 30-Jun-20 | 30-Sep-20 |
|---|---|---|---|---|
| Compoli (wages) | $3,333.33 | $2,500 | $2,500 | $1,666.66 |
| Compoli (liquidated damages) | $3,333.34 | $2,500 | $2,500 | $1,666.67 |
| Florin Gray Bouzas Owens, LLC | $5,850.00 | $4,387.50 | $4,387.50 | $2,925 |
| Cardinal (wages) | $2,166.66 | $1,625 | $1,625 | $1,083.33 |
| Cardinal (liquidated damages) | $2,166.67 | $1,625 | $1,625 | $1,083.34 |
| Florin Gray Bouzas Owens, LLC | $3,150.00 | $2,362.50 | $2,362.50 | $1,575 |
| Total: | $20,000.00 | $15,000.00 | $15,000.00 | $10,000.00 |

On January 31, 2020 a payment of $20,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $3,333.33 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $3,333.34 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $5,850.00; one (1) check payable to Cory Cardinal in the gross amount of $2,166.66 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $2,166.67; and one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $3,150.00. 2) On March 31, 2020 a payment of $15,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $2,500.00 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $2,500.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $4,387.50; one (1) check payable to Cory Cardinal in the gross amount of $1,625.00 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,625.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,362.50. 3) On June 30, 2020 a payment of $15,000 will be delivered as follows: one (1) check payable to Timothy Compoli in the gross amount of $2,500.00 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $2,500.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $4,387.50; one (1) check payable to Cory Cardinal in the gross amount of $1,625.00 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,625.00 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,362.50. 4) On September 30, 2020, a payment of $10,000 will be delivered as follows: one (1) check payable to Timothy

Compoli in the gross amount of $1,666.66 as taxable wages; one (1) check payable to Timothy Compoli in the gross and net amount of $1,666.67 as liquidated damages; one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $2,925.00; one (1) check payable to Cory Cardinal in the gross amount of $1,083.33 as taxable wages; one (1) check payable to Cory Cardinal in the gross and net amount of $1,083.34; and one (1) check payable to Florin Gray Bouzas Owens, LLC in the amount of $1,575.00. Defendants will act in good faith to timely deliver all above funds, the Parties agree that if Defendants' do not deliver the settlement funds on the above stated dates, Defendants shall have five business days within which to deliver said funds, and provided that the funds are delivered within that timeframe the delay will not be a breach of this Agreement.

b. Plaintiffs understand and acknowledge that the payments specified in this section would not be issued to Plaintiffs except for Plaintiffs' execution of this Agreement, including the Release of FLSA claims contained herein, and Plaintiffs' fulfillment of the promises contained herein.

c. Defendants make no representation as to the taxability of the amounts paid to Plaintiffs. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or Plaintiffs' attorney under the terms of this Agreement.

7. REINSTATEMENT. Given the installment nature of the payments under this Agreement the Parties agree that upon any default of any payment obligation above Plaintiffs shall have the option to reinstate the litigation. In the event Plaintiffs elect to reinstate the litigation Defendants

specifically agree to waive any defenses relating to the refiling of the case that would alter the rights Plaintiffs have in the currently pending lawsuit, including but not limiting to the statute of limitation. Defendants specifically stipulate and agree that any statutory recovery period or other rights of recovery currently existing will be effective as if the current lawsuit were never resolved or dismissed. The Parties agree the Defendants would be entitled to a credit for any sums or installments timely paid to Plaintiffs prior to Defendants default and Plaintiff's election to reinstate the litigation.

8. <u>AFFIRMATIONS.</u> Plaintiffs affirm that upon payment of the amounts set forth herein, Plaintiffs will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiffs' claims under the FLSA regarding Releasees up to the date of this Agreement.

9. <u>NO ADMISSION.</u> Neither this Agreement nor the furnishing of the considerations for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

10. <u>OPPORTUNITY TO REVIEW.</u> Plaintiffs acknowledge that Plaintiffs are aware that Plaintiffs are giving up all FLSA claims Plaintiffs may have against the Releasees. Plaintiffs acknowledge that Plaintiffs have been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. Plaintiffs sign this Agreement voluntarily. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

11. <u>SEVERABILITY.</u> Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be

modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. <u>VENUE AND GOVERNING LAW.</u> This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provision. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

13. <u>ENTIRE AGREEMENT.</u> This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the Plaintiffs' FLSA claims asserted in this case. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with the decision to sign this Agreement, except those set forth in this Agreement.

14. <u>EXECUTION IN COUNTERPARTS.</u> This Agreement may be executed in any number of counterparts, each of which shall be considered an original. All the counterparts together shall constitute one and the same instrument.

15. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THIS PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

[SIGNATURES ON FOLLOWING PAGE]

Dated: _1-13-2020_

DIGITAL CONCRETE IMAGINING, INC.

Sign: _____

Name: Bryan Bacheller

Title: President


_____
Bryan Bacheller

_1-13-2020_
Date

_____
Timothy Compoli

_1-13-20_
Date

_____
Cory Cardinal

_1/13/2020_
Date

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY COMPOLI and COREY CARDINAL,
Individually and on behalf of others similarly
situated,

      Plaintiffs,                       CASE NO.: 8:19-cv-01876-SDM-CPT

v.

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER, individually,

      Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, TIMOTHY COMPOLI and CORY CARDINAL, and Defendants,

DIGITAL CONCRETE IMAGING, INC. and BRYAN W. BACHELLER (collectively

"the Parties"), by and through their undersigned counsel, jointly request that this Court make

a fairness finding approving the terms of the Parties' settlement of the above captioned

matter and dismissing this case with prejudice.   The Settlement Agreement has been

attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

**I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways

in which claims under the FLSA can be settled and released by employees. First, 216(c) of

the FLSA allows employees to settle and waive their claims under the FLSA if the payment



of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.

*See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th

Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an

employer under section 216(b) of the FLSA, an employee may settle and release FLSA

claims against an employer if the parties present the district court with a proposed

settlement and the district court enters an Order approving the settlement. *Id.*; *see also*

*Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad*

*v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the

circumstances justifying court approval of an FLSA settlement in a litigation context, the

Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the action
> by the employees provides some assurance of an adversarial context. The
> employees are likely to be represented by an attorney who can protect their
> rights under the statute. Thus, when the parties submit a settlement to the
> court for approval, the settlement is more likely to reflect a reasonable
> compromise of disputed issues than a mere waiver of statutory rights
> brought by an employer's overreaching. If a settlement in an employee
> FLSA suit does reflect a reasonable compromise over issues, such as FLSA
> coverage or computation of back wages that are actually in dispute, we
> allow the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may

approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against

Defendants. The proposed settlement arises out of an action brought by the Plaintiffs against

their employers, which was adversarial in nature. During the litigation and settlement of this

action, the Plaintiffs and Defendants were represented by experienced counsel.

2

## II.   Terms of Settlement

### A.   Plaintiffs' Recovery

As part of the settlement Mr. Compoli will receive damages in the amount of $10,000.00 plus liquidated damages in the amount of $10,000.00 and Mr. Cardinal will receive damages in the amount of $6,500.00 plus liquidated damages in the amount of $6,500.00. The Parties agree that the settlement terms and amounts are a reasonable compromise as Plaintiffs are receiving equal damages and liquidated damages. In determining Plaintiffs' damages, counsel for the Parties analyzed Plaintiffs' pay and time records during their employment. The parties were then able to estimate the number of hours Plaintiffs worked to a high degree of confidence. The parties then engaged in settlement negotiations based on the data exchanged. Plaintiffs had initially estimated a range of potential damages by estimating a range of overtime hours the believed they had worked from May 2017 to today. This settlement represents a recovery that is within the bounds of that range. The parties believe that this settlement is fair given the records exchanged and the Parties coming to agreeable calculations on damages, the Defendants' potential affirmative defenses, the vagaries of trial, and the potential length of litigation. Under these circumstances, the undersigned find the settlement reasonable, especially considering the vagaries and unknown length of further litigation.

### B.   Attorney's Fees/Costs

Plaintiff's counsel will receive $17,550.00 as payment of fees and costs on behalf of Mr. Compoli and $9,450.00 as payment of fees and costs on behalf of Mr. Cardinal. Defendants agreed to pay Plaintiffs' attorneys' fees and costs. The Parties engaged in

negotiations and exchanging of information in an effort to resolve the matter without extended litigation. The attorneys' fees and costs were negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiffs. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

## III.   <u>Conclusion</u>

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

Dated this 15 day of January, 2020.

Respectfully submitted,

<u>/s/ **WOLFGANG M. FLORIN**</u>
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Point Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Counsel for Plaintiffs*

<u>/s/ **JESSE UNRUH**</u>
Jesse Unruh, Esq.
FLBN: 93121
Jet Dot Law, PLLC
12249 Science Drive,
Ste 155
Orlando, FL  32826-2905
Telephone: (407) 494-0135
Email: Jesse@jet.law

*Counsel for  Defendants*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TIMOTHY CAMPOLI and
COREY CARDINAL,

      Plaintiffs,

v.                                CASE NO. 8:19-cv-1876-T-23CPT

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER,

      Defendants.

_____/


## ORDER

    Because the proposed settlement (Doc. 17-1) resolves this FLSA action fairly and reasonably and because the parties separately negotiated the attorney's fee, the motion (Doc. 17) for approval of the settlement is **GRANTED**, and the settlement is **APPROVED**. The action is **DISMISSED WITH PREJUDICE**, and the clerk is directed to close the case.

    ORDERED in Tampa, Florida, on January 17, 2020.

                          _____
                            STEVEN D. MERRYDAY
                            UNITED STATES DISTRICT JUDGE

