```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

TIMOTHY COMPOLI and CORY
CARDINAL, individually and
on behalf of others
similarly situated,

    Plaintiffs,

v.                                    Case No: 8:20-cv-844-T-33TGW

DIGITAL CONCRETE IMAGING, INC.
and BRYAN W. BACHELLER,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants Digital Concrete Imaging, Inc. and Bryan W. Bacheller's Motion to Dismiss Amended Complaint (Doc. # 18), filed on May 21, 2020. Plaintiffs Timothy Compoli and Cory Cardinal filed a response in opposition on June 4, 2020. (Doc. # 26). For the reasons explained below, the Motion is denied.

**I.   Background**

According to the amended complaint, Bacheller is the President of Digital Concrete Imaging. (Doc. # 14 at ¶ 6). In April 2017, Plaintiffs began working as utility locators for Digital Concrete Imaging. (Id. at ¶ 11). Plaintiffs were compensated at an hourly rate and regularly worked more than

1

40 hours per week. (Id. at ¶¶ 13-14). Plaintiffs allege that they "were not paid time and [] one-half their regular hourly rate for each and every hour that they worked in excess of forty (40) hours in a work week for all weeks that they worked." (Id. at ¶ 15).

On July 31, 2019, Plaintiffs sued Defendants in the United States District Court, Middle District of Florida, Tampa Division, in an action styled Compoli et al. v. Digital Concrete Imaging, Inc. et al., Case No. 8:19-cv-1876-T-23CPT. In the first action, Plaintiffs alleged violations of the Fair Labor Standards Act (FLSA) and Florida Statutes Chapter 448 regarding unpaid wages. (Doc. # 18 at 1). On January 13, 2020, the parties entered into a Settlement Agreement and Release of FLSA Claims. (Id.). The district court approved the Agreement and dismissed the first action with prejudice. (Doc. # 14 at ¶ 18).

In the Agreement, "the Parties agree[d] that upon any default of any payment obligation [] Plaintiffs shall have the option to reinstate the litigation." (Doc. # 14-1 at 6). "In the event Plaintiffs elect to reinstate the litigation Defendants specifically agree[d] to waive any defenses relating to the refiling of the case that would alter the

rights Plaintiffs have in the [first action] . . . ." (Id. at 6-7). Moreover,

> Plaintiffs . . . waive[d] and release[d] . . . Defendants . . . from any and all wage claims of any nature whatsoever Plaintiffs have arising out of or related to the payment of wages during their employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiffs may have under the [FLSA], the Florida minimum wage statute . . . including claims of retaliation . . . .

(Id. at 2-3).

Plaintiffs allege that Defendants have failed to make the installment payment due on March 31, 2020, as required under the Agreement. (Doc. # 14 at ¶ 20). Plaintiffs further allege that Defendants terminated Plaintiffs' employment on April 3, 2020 - three days after Defendants allegedly defaulted on their payment obligations under the Agreement. (Id. at ¶ 23).

On April 13, 2020, Plaintiffs initiated the instant action. (Doc. # 1). On May 7, 2020, Plaintiffs filed their amended complaint, in which they raise five claims – an individual claim for unpaid overtime in violation of the FLSA (Count I), a claim for unpaid overtime in violation of the FLSA on behalf of all similarly situated individuals (Count II), an individual claim for unpaid wages in violation of Fla. Stat. § 448.08 (Count III), an individual claim for

retaliation in violation of the FLSA (Count IV), and an individual claim for breach of the Agreement (Count V). (Doc. # 14 at ¶¶ 25-59).

Defendants now move to dismiss all counts of the amended complaint. (Doc. # 18 at 2). First, Defendants argue that the doctrine of res judicata bars Plaintiffs from bringing Counts I through IV. (Id.). Second, Defendants argue that this Court lacks subject matter jurisdiction to consider Count V. (Id.). Plaintiffs have responded (Doc. # 26), and the Motion is now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

4

> raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Generally, the Court must limit its consideration to well-pled factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court merely looks to determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

### III. Analysis

As a preliminary matter, the parties do not dispute that the Agreement is central to Plaintiffs' claims and is authentic. Accordingly, the Court will consider the Agreement in ruling on Defendants' Motion. See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (holding that a district court may consider an extrinsic document that is central to the plaintiff's claim at the motion to dismiss stage).

#### A.  Counts I, II, III, and IV

Defendants argue that res judicata bars Plaintiffs from reasserting their claims from the first action because they were dismissed with prejudice pursuant to the Agreement. (Doc. # 18 at 3-4). Defendants also argue that Plaintiffs' FLSA retaliation claim and Florida law claim for unpaid wages earned *after* the first action are barred by res judicata because Plaintiffs released "all FLSA and wage claims of any nature" in the Agreement. (Id. at 3).

Regarding the law on res judicata, Defendants assert that "res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding" if certain conditions are met. (Id. at 3-4)(citing Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990)).

6

Moreover, Defendants note that "[a] dismissal with prejudice has the effect of a final adjudication on the merits . . . and bars future suits brought by [P]laintiff[s] upon the same cause of action." (Id. at 3)(citing Nemaizer v. Baker, 793 F.2d 58, 60 (2d Cir. 1986); Citibank, 904 F.2d at 1501).

But the majority of cases cited by Defendants are inapplicable. These cases do not involve the application of res judicata to claims dismissed pursuant to a settlement agreement. The only case Defendants cite regarding res judicata in the context of a settlement agreement is Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498 (11th Cir. 1990). However, that case involved an unusual question not present here: whether a settlement agreement's reservation of claims against a non-party, Citibank, prevented the application of res judicata in a subsequent action against Citibank. Id. at 1504. As such, the case law cited by Defendants does not establish that res judicata applies in this case.

Indeed, "a settlement agreement entered into in the context of a voluntary dismissal with prejudice under Rule 41 should be interpreted according to its express terms, rather than according to traditional principles of res judicata." Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1291 (11th Cir. 2004). "In determining the res judicata effect

7

of an order of dismissal based upon a settlement agreement, [the Court] should also attempt to effectuate the parties' intent." Id. at 1289. "[T]he preclusive effect of the earlier judgment is determined by the intent of the parties." Id. at 1289-90. Courts focus on the terms of the settlement agreement because "to preclude a wider range of matters than those specified in the Agreement would frustrate the parties' expressed intent and bestow upon [Defendants] a windfall of immunity from litigation." Id. at 1291.

As mentioned above, Defendants' Motion relies primarily on inapplicable cases that do not discuss res judicata in the context of a settlement agreement. Further, Defendants have failed to analyze the relevant terms of the Agreement, including the reinstatement and release provisions. On its face, the Agreement's reinstatement provision suggests that the parties intended that Plaintiffs be free to reinstate the first action's claims if Defendants defaulted on their payment obligation. (Doc. # 14-1 at 6-7). That provision also shows that Defendants agreed to waive numerous defenses such as res judicata in the event the litigation was reinstated. (Id.).

Finally, Defendants have provided no support for their argument that the Agreement's release provision applies to

8

claims that could not have existed at the time the Agreement was signed, such as Plaintiffs' FLSA retaliation claim based on their subsequent termination. See Falsetto v. Liss, 275 So. 3d 693, 696 (Fla. 3d DCA 2019)("Because the Agreement in this case mutually released the parties from claims 'past or present, known or unknown' — but did not release future or unaccrued claims — its plain language requires us to hold that the parties were only released from causes of actions that had accrued at the time the parties signed the 2014 Agreement."), review denied, No. SC19-1055, 2019 WL 6248475 (Fla. Nov. 22, 2019); Viridis Corp. v. TCA Glob. Credit Master Fund, LP, 721 F. App'x 865, 874 n.10 (11th Cir. 2018)("[I]n Florida, a release 'will ordinarily be regarded as embracing all claims or demands which had matured at the time of its execution.'" (citation omitted)).

"Res judicata, also known as claim preclusion, is an affirmative defense." Lawrence v. Household Bank (SB), N.A., 505 F. Supp. 2d 1279, 1282 (M.D. Ala. 2007); see also Fed. R. Civ. P. 8(c)(1). Thus, Defendants bear the burden of proving that Plaintiffs' claims are barred by res judicata. See Batchelor-Robjohns v. United States, 788 F.3d 1280, 1285 (11th Cir. 2015)("The party asserting res judicata bears the burden of showing that the later-filed suit is barred.").

Because Defendants have neither cited relevant case law nor addressed the applicability of res judicata in light of the Agreement's terms, Defendants have failed to carry that burden at this juncture. Therefore, the Motion is denied with respect to Counts I, II, III, and IV.

### B. Count V

Defendants next argue that the Court lacks original jurisdiction over the breach of contract claim because the requirements of both federal question and diversity jurisdiction are not met for this claim. (Doc. # 18 at 4-5). They also argue this Court does not have supplemental jurisdiction over the breach of contract claim because "the district court has dismissed all claims over which it has original jurisdiction, i.e., the FLSA claims." (Id. at 5); 28 U.S.C. § 1367(c)(3). Thus, Defendants reason, there is no basis for this Court to exercise jurisdiction over the breach of contract claim.

This is incorrect. The Court has denied Defendants' Motion to the extent it seeks dismissal of the FLSA claims and, thus, the Court is still exercising federal question jurisdiction over those claims. 28 U.S.C. § 1331. Also, the Court agrees with Plaintiffs that the breach of contract claim forms "part of the same case or controversy" as the FLSA

10

claims. Thus, supplemental jurisdiction over the breach of contract claim exists. 28 U.S.C. § 1367. The Motion is denied with respect to Count V.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Digital Concrete Imaging, Inc. and Bryan W. Bacheller's Motion to Dismiss Amended Complaint (Doc. # 18) is **DENIED.**

(2) Defendants are directed to file an answer to the amended complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of July, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE