UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Timothy Compoli and Cory Cardinal,

    Plaintiffs,

and.

Digital Concrete Imaging, Inc. and Bryan W. Bacheller,

    Defendants.

Case No. 8:20-CV-844

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Defendants, Digital Concrete Imaging, Inc. and Bryan W. Bacheller, and Plaintiffs, Timothy Compoli and Cory Cardinal (collectively "the Parties"), request the Court approve the terms of the Parties' settlement agreement for the above-styled action, dismissing this case. The Settlement Agreement is attached as Exhibit "A".

**Memorandum**

1.    **Procedural Background.** On July 31, 2019, Plaintiffs' filed a complaint ("the initial complaint") against Defendants in the United States District Court, Middle District of Florida, Tampa Division, Case No. 8:19-cv-1876-T-23CPT. On or around January 13, 2020, Defendants and Plaintiffs entered into a Settlement Agreement and Release of FLSA Claims ("the initial settlement agreement"). On January 15, 2020, the parties filed a Joint Motion for Approval of Settlement and Incorporated Memorandum of Law. On January 17, 2020 the Court

issued an Order approving the joint motion and the settlement agreement and dismissing the action, with prejudice.

On April 13, 2020, Plaintiffs filed a second Complaint and Demand for Jury Trial ("the second complaint") in the above-styled action. The second complaint was filed: (i) due to Defendants missing payments per the initial settlement agreement due to COVID; and (ii) per a reinstatement clause contained within the initial settlement agreement wherein Plaintiffs were allowed to reinstate the litigation of Defendants failed to make payments per the outlined payment schedule. On May 5, 2020, Defendants filed a Motion to Dismiss the second complaint. On May 07, 2020 the Plaintiffs voluntarily amended their second complaint and filed their third complaint, via the Amended Complaint and Demand for Jury Trial ("the amended complaint"). On August 18, 2020 the parties reached a settlement on the claims contained in the amended complaint and executed the Settlement Agreement, attached as Exhibit "A".

2. **Basis for Judicial Approval of FLSA Settlement.** Case law regarding settlement of the Fair Labor Standard (Act) claims evidences two ways in which claims under the FLSA can be settled and released by employees: (i) pursuant to 29 U.S.C. § 216(c), employees are allowed to settle and waive their claims under the FLSA if the payment of unpaid wages is supervised by the Secretary of Labor; and (ii) in the context of a private lawsuit brought by an employee against an employer under 29 U.S.C. 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the Settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc.*

*v. Gangi*, 328 U.S. 108, 115 (1946) and *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)). In detailing the circumstances justifying court approval of an FLSA settlement in a private litigation context, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354

The Settlement Agreement reached in the above-styled action involves a situation where the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims against the Defendants as the proposed settlement arises out of an action that is adversarial in nature and wherein the Parties' were represented by experienced counsel.

3. **Terms of the Settlement Agreement.**

Before the reinstatement of the above-styled action and per the initial settlement agreement, Mr. Compoli received $3,333.33 in wages, $3,333.34 in liquidated damages and $5,850.00 in attorney's fees, while Mr. Cardinal received $2,166.66 in wages, $2,166.67 in liquidated damages, and $3,150.00 in attorney's fees, all via the first settlement payment of $20,000.00. Pursuant to the initial settlement agreement, Mr. Compoli is still owed $6,666.67 in wages, $6,666.67 in liquidated damages, and $11,700 in attorneys fees. Pursuant to the

initial settlement agreement, Mr. Cardinal is still owed $4,333.33 in wages, $4,333.33 in liquidated damages, and $6,300 in attorneys fees.

The wages in the initial settlement were calculated by counsel for the Parties analyzing Plaintiffs' pay and time records during their employment. The parties were then able to estimate the number of hours Plaintiffs worked to a high degree of confidence and then engaged in settlement negotiations based on the data exchange. In terms of the damages for the initial settlement, Plaintiffs initially estimated a range of potential damages by estimating a range of overtime hours they believed they had worked from May 2017 to the date of the signing of the initial settlement. The initial settlement represents a recovery that is within the bounds of that range. Attorney's fees and costs were negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiffs. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

Pursuant to the August 18, 2020 Settlement Agreement, the Plaintiffs will receive the $40,000.00 in remaining wages, liquidated damages, and attorneys' fees agreed to in the initial settlement agreement and $20,000.00 for the remaining causes of actions under the FLSA for alleged retaliatory firing and breach of the initial settlement agreement. The Parties agree that the August 18, 2020 Settlement Agreement terms and amounts are a reasonable compromise based upon the terms of the initial settlement agreement, the records exchanged in this present litigation, the Parties coming to agreeable calculations and damages, Defendant's affirmative defenses, the vagaries of trial, and the potential length of the litigation.

4. **Requested Relief.** Based on the foregoing, the Parties jointly and respectfully request that this Court:

    (i)    approve the August 18, 2020 Settlement Agreement of the Parties;

    (ii)    dismiss the instant action as well as any and all other pending claims between the Parties with prejudice; and

    (iii)    grant such other relief the court deems appropriate.

Dated this 20th Day of August, 2020.

| | |
|---|---|
| /s/ _(signature)_<br>Conrado Gomez, Jr.<br>Florida Bar No. 1010973<br>Peter Mackey<br>Florida Bar No. 0629138<br>Mackey Law Group, P.A.<br>1402 Third Avenue West<br>Bradenton, Florida 34205<br>(941) 746-6225<br>cgomez@mackeylaw.com<br>pmackey@mackeylaw.com<br>Attorneys for Defendants | /s/**WOLFGANG M. FLORIN**<br>Wolfgang M. Florin<br>Florida Bar No. 907804<br>Christopher D. Gray<br>Florida Bar No. 092004<br>Florin Gray Bouzas Owens, LLC<br>16524 Pointe Village Drive, Suite 100<br>Lutz, Florida 33558<br>(727) 254-5255<br>wolfgang@fgbolaw.com<br>chris@fgbolaw.com<br>Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Timothy Compoli and Cory Cardinal,

    Plaintiffs,

and.

Digital Concrete Imaging, Inc. and Bryan W. Bacheller,

    Defendants.

Case No. 8:20-CV-844

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into between Timothy Compoli and Corey Cardinal (the "Plaintiffs") and Digital Concrete Imaging, Inc. and Bryan W. Bacheller (the "Defendants"), collectively (the "Parties"). The Parties agree to the following:

1)    The Defendants agree to tender $60,000.00 within two (2) days of full execution of this Agreement to a trust account for counsel for the Plaintiffs, FLORIN GRAY BOUZAS OWNES, 16524 Pointe Village Drive, Suite 100, Lutz, Florida 33558.

2)    Upon receipt and clearance of the $60,000.00 payment by Defendants, Plaintiffs release all claims they have under the Fair Labor Standards Act ("FLSA"), all counts contained within Plaintiff's Amended Complaint in the above-styled action, and all claims for breach of the January 13, 2020 Settlement Agreement and Release of FLSA Claims agreement.

3)    Upon receipt and clearance of the $60,000.00 payment by Defendants, the parties shall file a Joint Motion for Approval of Settlement and Dismissal of case, with prejudice. Counsel for Defendants shall prepare the Joint Motion for Approval of Settlement and Dismissal and file the same within five (5) days from the full execution of this Agreement.


EXHIBIT "A"

4) The Parties agree not to express any oral or written derogatory or damaging statements about the other, including directors, officers, employees or agents. Likewise, in addition, the Defendants agree to provide prospective employers for the Plaintiffs with a neutral reference, including only the Plaintiffs' names, job titles, and dates of employment.

5) The Parties agree that they have been given the opportunity to consult with their legal counsel before execution of this agreement. The parties acknowledge that they have signed this agreement knowingly, willingly, and voluntarily based upon advice of counsel.

6) Should any provision of this Agreement be declared illegal, unconscionable, or unenforceable by any court of competent jurisdiction such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7) This Agreement shall be governed by the laws of the State of Florida. In the event any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida.

8) This Agreement sets forth the entire agreement between the Parties.

Dated: August 18, 2020

DIGITAL CONCERETE IMAGING, INC.
Sign: _____
Print: Bryan Bacheller
Title: President

Dated: August 18, 2020

_____
Bryan Bacheller

Dated: August 17, 2020

_____
Timothy Compoli

Dated: August 17, 2020

_____
Cody Cardinal

Page 2 of 2